**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**THE B.F. GOODRICH COMPANY, a New York corporation, and ROSEMOUNT AEROSPACE, INC., a Delaware corporation,**

Plaintiffs,

v.

**AUXITROL S.A., and ESTERLINE TECHNOLOGIES CORPORATION, a Delaware corporation,**

Defendants.

---

Civil No. 00-43 (MJD/JGL)

**O R D E R**

APPEARANCES

Daniel W. McDonald, Esq., and Samuel A. Hamer, Esq., for Plaintiffs.

Craig D. Diviney, Esq., and Christopher A. Young, Esq., for Defendants and Non-parties G-II Sales, Gladwin Machine & Supply, Wes Schroeder, and Will Knudsen.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on August 24, 2000, on G-II Sales, Gladwin Machine & Supply, Wes Schroeder, and Will Knudsen's Joint Motion to Quash Subpoenae Duces Tecum (no doc. no.); Defendants' Motion for a Protective Order (no doc. no.); and Plaintiffs' Motion to Compel Discovery (no doc. no.). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED AUG 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

Non-party deponents G-II Sales, Gladwin Machine & Supply, Wes Schroeder, and Will Knudsen request the Court to quash subpoenae duces tecum served on them by Plaintiff Rosemount Aerospace. The motion is made pursuant to Fed. R. Civ. P. 45(c) on the grounds that the subpoenae are unduly burdensome, seek irrelevant information, and call for confidential information. Plaintiffs are currently seeking limited discovery regarding the Minnesota contacts of Defendant Esterline's non-party subsidiaries and whether such contacts establish personal jurisdiction over Esterline. Plaintiffs seek to depose and discover information from the four, above-named non-parties about Defendant Esterline's subsidiaries' activities in Minnesota.

Defendant Esterline is a holding company; Defendant Auxitrol is one of Esterline's subsidiary companies. Non-party Will Knudsen is a Vice President of G-II Sales. Non-party Gladwin Machine & Supply allegedly has contacts with certain Esterline subsidiaries. Non-party Wes Schroeder is a Regional Sales Manager for Advanced Input Devices, a subsidiary of Esterline. Plaintiffs assert that Mr. Schroeder, G-II Sales, Gladwin, and Mr. Knudsen are employees and/or sales agents of Esterline's subsidiary corporations and that the employees and agents are present in Minnesota, selling goods to Minnesota customers. Thus, argue Plaintiffs, they are entitled to discover relevant information regarding these non-parties' Minnesota contacts to

determine whether the contacts are sufficient to establish jurisdiction for Defendant Esterline.

## II. DISCUSSION

The Federal Rules of Civil Procedure contemplate liberal discovery; the information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. Discovery should not limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. See id. at 500-01. Additionally, discovery should not be limited to the merits of a case because other fact-oriented issues, possibly unrelated to the merits, may arise and properly be the subject of discovery. See Oppenheimer Fund, 437 U.S. at 351.

With the general rules of discovery in mind, the Court must examine the contested matters in the context of the relevant law to determine whether the requested information must be disclosed. In this particular

discovery dispute, the parties agree that the laws of agency and corporate organization are applicable.

Plaintiffs assert that the contacts of a subsidiary may be used against the parent corporation, see Bielicki v. Empire Stevedoring Co., Ltd., 741 F. Supp. 758, 761-62 (D. Minn. 1990), amended by 765 F. Supp. 991 (D. Minn. 1990), and that the contacts of an agent may be used against a principal, see Guinness Import Co. v. Mark VII Distrib., Inc., 971 F. Supp. 401, 408 (D. Minn. 1997) (citation omitted). Plaintiffs are therefore entitled to conduct discovery that may lead to matter bearing on these issues. Much of the oral argument at the hearing concerned whether or not the contacts of a subsidiary may be used against a parent corporation and whether the corporate veil, if any, should be pierced.[1] However, those questions are not for the Court to decide at this point in the proceedings. The fact that the parties engaged in considerable argument regarding the merits of the issues is sufficient to establish relevancy under the liberal standard for discovery. Plaintiffs are therefore entitled to discover information relevant to these issues.

As for the non-parties' assertion that the depositions and coinciding document production constitute an undue burden, the Court

---

[1] For example, Defendants claim that Plaintiffs have not pierced the alleged corporate veil of Esterline, but piercing is not a prerequisite to discovery. Rather, discovery may lead to relevant information about whether a corporate veil exists, and if so, whether it should be pierced.

disagrees. Plaintiffs represent that the depositions will take less than a day. The Court finds that this amount of time is not an undue burden on the third parties. Additionally, the Court finds that the requests are not overbroad given that the discovery sought pertains only to the question of jurisdiction and Esterline's contacts in Minnesota. Finally, regarding the claim that Plaintiffs can acquire the desired information through other discovery methods, Plaintiffs respond that they have attempted to attain the discovery through other methods but were unsuccessful, in part because Defendants declined to substantively respond to the requests.

For all of the above reasons, the motion to quash the subpoenae is denied. However, Defendants' motion for a protective order is granted. In Defendants' moving papers, Defendants requested a protective order limiting the scope of the non-party depositions in the event that the Court denied the motion to quash. At the motion hearing, the parties represented that a stipulated protective order regarding third party disclosures would be signed by all parties by August 25, 2000. The parties are also directed to limit the

scope of the non-party depositions to Defendant Esterline's Minnesota contacts as they relate to establishing jurisdiction in this forum.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) G-II Sales, Gladwin Machine & Supply, Wes Schroeder, and Will Knudsen's Joint Motion to Quash Subpoenae Duces Tecum (no doc. no.) is **DENIED**;

(2) Defendants' Motion for a Protective Order (no doc. no.) is **GRANTED**, and the parties shall submit a signed, stipulated protective order by August 25, 2000; and

(3) Plaintiffs' Motion to Compel Discovery (no doc. no.) is **GRANTED**.

Dated: August 25, 2000.

JONATHAN LEBEDOFF
United States Magistrate Judge