IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE B.F.GOODRICH COMPANY, a New York corporation and ROSEMOUNT AEROSPACE INC., a Delaware corporation, Plaintiffs, v. AUXITROL SA. and ESTERLINE TECHNOLOGIES CORPORATION, Delaware corporations, Defendants. | Civil Action No. 00-CV-4: MJD/JGL<br>Judge Michael J. Davis<br>Magistrate Judge Jonathan G. Lebedoff<br><br>STIPULATED PROTECTIVE ORDER |

The discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, regarded by the producing party as confidential information incorporating proprietary data, know-how, trade secrets, or other valuable commercial information. Accordingly, the parties, by and through their respective attorneys, stipulate and agree to the following terms and conditions, which shall apply to this civil action:

1. Any document or testimonial information provided by either party which that party in good faith contends contains information proprietary to it or to a third party and entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, may be designated as confidential and, except as permitted by further Order of a Court of competent jurisdiction, or by subsequent written agreement of the producing party, such designated documents or testimonial information shall be received by counsel of record

FILED AUG 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

for the receiving party upon the terms and conditions of this Stipulated Protective Order ("this Protective Order"). For purposes of this order, producing, non-producing, and receiving parties shall include both co-plaintiffs and both co-defendants even if the specific discovery at issue involves only one plaintiff or one defendant, so long as the parties to the suit remain in their current form.

2. Documents or tangible items shall be designated confidential within the meaning of this Protective Order in the following ways:

(a) In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

(b) In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the pages containing the confidential information the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

(c) In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

(d) In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "ATTORNEYS EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as

"CONFIDENTIAL" or "ATTORNEYS EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

3. With respect to all documents, information, or tangible items, produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, by the receiving party to any person not authorized to receive the information under the terms of this Protective Order.

4. If, in the course of this proceeding, depositions are conducted that involve confidential information, counsel for the witness or party producing such information may state, on the record, the portion of the deposition which counsel believes may contain confidential information. If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such confidential information in accordance with this Protective Order, the reporter, and (if used) videographer. Subject to the terms hereof, CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be disclosed by a receiving party in a deposition, to the extent that its use is necessary, only at the deposition(s) of:

(a) the present Director or Officers of the producing party;

(b) present employees, directors or officers of the producing party, to the extent such persons would be entitled to receive such

information pursuant to the producing party's internal policies respecting confidentiality;

(c) an author, addressee, or other person indicated as a recipient of a document containing the information;

(d) a person clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior disclosure of the specific confidential information). Prior to any disclosure under this subparagraph (d), notice must be given to the producing party of the specific information so that it has a fair opportunity to object to the disclosure. Notice may be given at the time of the deposition. The parties agree to cooperate, and, if necessary, to defer any such disclosure, to allow either party to initiate action, by motion or otherwise, with the Court. The producing party bears the burden of establishing confidentiality;

(e) an independent advisor, consultant or expert otherwise qualified under this Stipulated Protective Order to receive such information; or

(f) any person for whom prior authorization is obtained from the producing party or the Court.

Each party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The right to make such designation shall be waived unless

made within the thirty (30) day period. Prior to such designation, or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed ATTORNEYS' EYES ONLY information. Transcripts of testimony, or portions thereof, designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be filed only under seal as described in paragraph 5, until further order of the Court.

5. Any document, pleading, or tangible item which contains confidential information, if filed or submitted to the court, shall be filed in a sealed envelope marked "CONFIDENTIAL - NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT" or "ATTORNEYS' EYES ONLY - NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT".

6. Any confidential document or testimonial information produced by any party which contains information proprietary to the producing party or another and which is particularly sensitive competitive information, may be designated in writing as ATTORNEYS' EYES ONLY. Examples of the types of information that may be designated as ATTORNEYS' EYES ONLY include:

(a) The names, or other information tending to reveal the identities, of a party's supplier;

(b) The names, or other information tending to reveal the identities, of a party's present or prospective customers;

(c) Proprietary technical and financial information of a party;

(d) The names, or other information tending to reveal the identities, of a party's distributors; and

(e) Marketing or other plans of a party.

Other categories of ATTORNEYS' EYES ONLY information may exist The parties agree to designate information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good-faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

7. Before disclosure of any information subject to this Protective Order is made to any employee or officer of the non-producing party, other than counsel of record and in-house counsel as provided herein, or to any consultant or expert retained by the non-producing party, or to any witness or prospective witness, counsel for the party disclosing the information shall obtain a written affidavit, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. The affidavits shall be provided to opposing counsel ten (10) days in advance of the first disclosure of any such information to such person. If no written objection is made by the disclosing party to such person receiving such information within such ten (10) day period, then CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be disclosed to such person. If objection is made, then any party seeking to make the disclosure may bring before the Court the question of whether the CONFIDENTIAL or ATTORNEYS' EYES ONLY information

may be disclosed to such person. All signed affidavits shall be maintained through the conclusion of this action.

8. Except as permitted by further order of this Court including an order pursuant to Plaintiff's motion referenced in this paragraph or by subsequent written agreement of the producing party, disclosure of ATTORNEYS' EYES ONLY documents or information, including summaries thereof, but not including documents with the confidential portions redacted, shall be limited to the following:

(a) counsel of record for the parties, paralegals and clerical employees assisting such counsel and associates and other attorneys at the firm(s) of outside counsel;

(b) Judges, Magistrates, law clerks, and clerical personnel of the Court before which this action is pending;

(c) consultants, translators or experts, not employees or officers of the parties, retained by either of the parties to consult or testify in the case;

(d) employees and officers of the party producing the documents or information; and

(e) authors or drafters or the documents or information.

Nevertheless, Plaintiffs intend to bring a motion before the Court requesting that B.F. Goodrich inside counsel, James M. Rashid, and an inside counsel for Auxitrol or Esterline be included in the foregoing list. Plaintiffs agree to the present form of the list only to prevent any delay in receiving documents and information soon to be produced by Defendants. By agreeing to the present form of the protective order, Plaintiffs will not be

prejudiced in any way in bringing such a motion regarding paragraph 8 before the Court, nor will Plaintiffs be required to meet a higher burden in making such a motion regarding paragraph 8 for having agreed to the protective order in its present form.

9. Disclosure of information designated as CONFIDENTIAL, including summaries thereof, shall be limited to (a) the persons and entities identified in paragraph 8; and (b) no more than two employees or officers of the non-producing party, including in house counsel.

10. ATTORNEYS' EYES ONLY documents shall be stored and maintained at the offices of outside counsel of record only, and in no event will they be stored and maintained at the offices or other facilities of either party.

Copies of documents under this Protective Order may be made or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation, so long as reasonable steps are taken to protect the Confidentiality of such documents.

11. If it becomes necessary for counsel for a party receiving CONFIDENTIAL or ATTORNEYS' EYES ONLY information to seek the assistance of any other person, other than those referred to in paragraphs 8 and 9, such as any employee of the receiving party, and to disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

(a) Counsel for the receiving party shall notify, in writing, counsel for the party producing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information of their desire to disclose such

CONFIDENTIAL or ATTORNEYS' EYES ONLY information and shall identify the person(s) to whom they intend to make disclosure;

(b) If no objection to such disclosure is made by counsel for the producing party within ten (10) days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party, shall serve upon opposing counsel, prior to disclosure, an Affidavit in the form attached hereto as Appendix A, whereby such person agrees to comply with and be bound by this Protective Order.

(c) If the producing party objects to such disclosure in writing within such ten day period, no disclosure shall be made. Any party may bring before the court the question of whether the particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information can be disclosed to the designated person(s) and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure.

12. If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, or by marking the information as CONFIDENTIAL in the case of ATTORNEYS EYES ONLY information, the producing party may subsequently inform the receiving party of the CONFIDENTIAL or

ATTORNEYS' EYES ONLY nature of the disclosed information, and the receiving party shall treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information upon receipt of written notice from the producing party, to the extent the receiving party has not already disclosed this information, and shall collect from any persons no longer entitled to access such information, any copies of documents containing such information, determine to whom the information has been disclosed, and inform such persons that the information should no longer be used by them and report these activities to the producing party within ten (10) days of receiving notice from the producing party of the confidential nature of the information.

13. The restrictions set forth in this Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this order. If such public information is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the receiving party must inform the producing party of the pertinent circumstances before the restrictions of this order will be inapplicable.

14. No person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained pursuant to discovery or otherwise in this action, except for the purpose of this action only and in accordance with any further order issued by the Court.

15. Acceptance by a party of any information, document, or thing designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a concession

that the information, document or thing is confidential. Either party may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by either party by motion or otherwise. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

16. This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

17. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

18. At the conclusion of this action, including any appeals, all documents including CONFIDENTIAL and ATTORNEYS' EYES ONLY information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys of record, or, at the producing party's option, destroyed by counsel for the receiving party, except for a master copy of such documents as may be included in pleadings filed with the court and except for attorney memos or notes that may include such information. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, confidential and attorneys' eyes only

information produced hereunder shall continue to be binding after the conclusion of this action.

19. If discovery is sought of a person not a party to this action ("third party") requiring disclosure of such third party's CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the CONFIDENTIAL or ATTORNEYS' EYES ONLY information disclosed by such third party will be accorded the same protection as the parties' CONFIDENTIAL or ATTORNEYS' EYES ONLY information, and will be subject to the same procedures as those governing disclosure of the parties' CONFIDENTIAL or ATTORNEYS' EYES ONLY information pursuant to this Stipulated Protective Order.

The foregoing is hereby stipulated by and between counsel.

DORSEY & WHITNEY LLP

Dated: August 24, 2000

Christopher A. Young

Paul T. Meiklejohn
Curt Roy Hineline
U.S. Bank Centre, Suite 3400
1420 Fifth Avenue
Seattle, WA 98101
Christopher A. Young
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-1498

Attorneys for Defendants

MERCHANT & GOULD

Dated: Aug. 24, 2000

Daniel W. McDonald

Daniel W. McDonald
Samuel A. Hamer
90 South Seventh Street
Suite 3100
Minneapolis, MN 55402-4131

Attorneys for Plaintiffs

The B. F.Goodrich Company

Dated: __________

James M. Rashid
9921 Brecksville Road
Brecksville, OH 44141-3289

In-House Attorney for Plaintiffs

ORDER

IT IS SO ORDERED this 29th day of Aug 2000.

Michael J. Davis

Honorable Michael J. Davis
United States District Judge

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| THE B.F.GOODRICH COMPANY, a New York corporation and ROSEMOUNT AEROSPACE INC., a Delaware corporation, | ) | |
| Plaintiffs, | ) | Civil Action No. 00-CV-43 MJD/JGL<br>Judge Michael J. Davis<br>Magistrate Judge Jonathan G. Lebedoff |
| v. | ) | |
| AUXITROL SA. and ESTERLINE TECHNOLOGIES CORPORATION, Delaware corporations, | ) | |
| Defendants. | ) | |

CONFIDENTIALITY UNDERTAKING
RE STIPULATED PROTECTIVE ORDER

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information contained in the Protective Order that I either review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this ____ day of __________, 20__.

_________________________________
*(Signature)*

_________________________________
*(Typed Name)*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 3/98