**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**THE B.F. GOODRICH COMPANY, a New York corporation, and ROSEMOUNT AEROSPACE, INC., a Delaware corporation,**

Plaintiffs,

v.

**AUXITROL S.A. and ESTERLINE TECHNOLOGIES CORPORATION, a Delaware corporation,**

Defendants.

---

Civil No. 00-43 (MJD/JGL)

**O R D E R**

APPEARANCES

Daniel W. McDonald, Esq., for Plaintiffs.

Christopher A. Young, Esq., for Defendants.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on October 29, 2001 on Plaintiffs' Motion to Compel Production. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED OC 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiffs B.F. Goodrich and Rosemount Aerospace are suing Defendants Auxitrol and Esterline for trade dress infringement of an aircraft total air temperature sensor ("TAT sensor") design. Plaintiffs assert that Defendants marketed an infringing product to Honeywell, a corporation previously headquartered in Minnesota and currently maintaining some operations here. Defendants moved to dismiss the complaint on jurisdictional grounds. Subsequently, the parties began jurisdictional discovery. The motion to dismiss is scheduled to be heard by the Honorable Michael J. Davis on November 9, 2001.

## I. PLAINTIFFS' REQUEST TO COMPEL ADDITIONAL DOCUMENTS

On December 21, 2000, this Court granted Plaintiffs' motion to compel discovery of information about a presentation made to Honeywell concerning Defendants' TAT sensor. Noting that discovery was limited to jurisdiction, the Court found that the Honeywell documents may contain matter relating to jurisdiction and therefore ordered Defendants to produce the documents on the basis that they may contain evidence of Minnesota contacts or lead to other correspondence or communications sent to or from Minnesota.

With respect to the current motion, Plaintiffs claim to have been recently informed of "further activity" regarding Honeywell. Plaintiffs therefore asked Defendants to supplement their production made in

response to the prior Order. Defendants responded that Plaintiffs' request appeared to be directed to documents concerning activities occurring after the complaint was filed, and thus, the documents, if any, would be irrelevant to jurisdiction.

The Court agrees with Defendants that only activities occurring prior to the filing of the complaint, which was January 10, 2000, are relevant to determine personal jurisdiction. However, documents generated after the filing date may nevertheless pertain to prior activities; that is, documents generated after January 10, 2000 may contain information relevant to the question of jurisdiction. Defendants are therefore ordered to produce any such documents. If there are no such documents, which Defendants indicated at the hearing, Defendants must provide a sworn affidavit so attesting in lieu of producing documents. Defendants must produce either the documents or the affidavit by November 2, 2001.

## II. ADDITIONAL ISSUES

At the motion hearing, the parties agreed that Plaintiffs' request to compel production of the Auxitrol sensor was moot. This part of the motion is therefore denied as moot.

As Defendants correctly observed, Plaintiffs failed to provide an explicit and separate certification pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), but Jeffrey P. Cook's Affidavit does itemize attempts

to meet and confer. Although this "certification" might not be in the preferred format, the Court finds it sufficient.

Finally, Plaintiffs suggest in their motion papers that sanctions are warranted. To the extent the suggestion could be construed as a formal motion for sanctions, it is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Production (Doc. No. 81) is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT IN PART** as set forth in the body of this Order. Defendants must produce either responsive documents or an affidavit by November 2, 2001.

Dated: October 29, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge